**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0282-WJM

ALBERT MICHAEL MURRY,

      Plaintiff,

v.

WELLS FARGO BANK, N.A. AS TRUSTEE FOR PARK PLACE SECURITIES,
OCWEN LOAN SERVICING AS PHH MORTGAGE SERVICE CORP., and
MESA COUNTY PUBLIC TRUSTEE,

      Defendants.

---

**ORDER DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART
PLAINTIFF'S *EX PARTE* VERIFIED COMBINED MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION
AND ORDER TO SHOW CAUSE**

---

Before the Court is *pro se* Plaintiff Albert Michael Murry's *Ex Parte* Verified

Combined Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction

("PI") ("Motion").  (ECF No. 3.)

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable

harm just so long as is necessary to hold a [preliminary injunction] hearing, and no

longer."  *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No.

70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  It is sometimes issued when the

opposing party has actual notice of the motion.  *See* 11A Charles Alan Wright *et al.*,

Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued

with or without notice to the adverse party").  However, given the need for a harm so

urgent and irreparable that a decision must be made before a hearing can be held, the

primary purpose of the TRO is to grant short-term *ex parte* relief.  *See* Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

In the Motion, Plaintiff seeks a TRO and PI restraining Defendants from conducting a foreclosure auction of his property.  (ECF No. 3 at 2.)  He contends that "[t]he [P]laintiff's claims are substantial that the [D]efendants have no authority to foreclose, thus denial will permit the [D]efendants to foreclose which amounts to a final ruling in this civil action without actually issuing a final judgment" and that a TRO is necessary to preserve the status quo.  (*Id.*)  He further argues that "[b]ecause the Property appears to be unique, transfer of title to any third party would irreparably injure the [P]laintiff if a pre-judgment transfer of title turned out to be in error, as it would be difficult if not impossible to put the parties back into the position they were before transfer."  (*Id.* at 5.)

However, given the lack of any details surrounding the timing of the anticipated foreclosure auction, Plaintiff has not "clearly show[n] that immediate and irreparable injury . . . will result to [Plaintiff] before [Defendants] can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Stated differently, the Court concludes that the Motion fails to establish a harm so immediate and irreparable that the *status quo* must be preserved on an *ex parte* basis pending a PI hearing.  *See Granny Goose*, 415 U.S. at 439.

Moreover, the Court has a duty to *sua sponte* consider its subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  As Plaintiff is invoking jurisdiction of the federal court, he bears the burden of establishing that jurisdiction is proper.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Although Plaintiff alleges in the Civil Complaint that the Court has diversity jurisdiction over this action, he does not

set forth the citizenship of every party to this action.  (ECF No. 1 at 2–3.)

Further, to establish subject matter jurisdiction under 28 U.S.C. § 1332, the party invoking federal jurisdiction must show the amount in controversy exceeds $75,000, *see Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004), and the Court "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states," *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014)).  Here, Plaintiff's Civil Complaint lacks any allegations regarding the amount in controversy and is therefore procedurally deficient. (*See generally* ECF No. 1.)

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, by **February 9, 2022**, as to why the Court should not on its own motion dismiss this action based on Plaintiff's failure to allege facts sufficient to show that the Court has diversity jurisdiction over this matter.  Plaintiff is hereby ON NOTICE that the Court will not take any action on that portion of the Motion which seeks a preliminary injunction unless and until the Court is satisfied that it has subject matter jurisdiction over this action.

For the reasons set forth above, the Court ORDERS:

1.     Plaintiff's Motion (ECF No. 3) is DENIED to the extent it seeks a TRO;

2.     That portion of Plaintiff's Motion which seeks a preliminary injunction REMAINS UNDER ADVISEMENT;

3.     Plaintiff is ORDERED TO SHOW CAUSE, by **February 9, 2022**, as to why the Court should not on its own motion dismiss this action based on Plaintiff's failure to allege facts sufficient to show that the Court has diversity jurisdiction over this

matter;

4.      Defendants are each DIRECTED to respond to that portion of the Motion which

seeks a preliminary injunction within **3 business days** after its or their counsel

have entered their appearance(s);

5.      To the extent they choose to do so, Defendants may file a reply to Plaintiff's

response to the Order to Show Cause by **February 14, 2022** or within **3**

**business days** after its or their counsel have entered their appearance(s),

whichever date occurs later;

6.      Upon receipt of Defendants' responses to the Motion, the Court will determine

the necessity of a reply brief and/or evidentiary hearing; and

7.      The Clerk is DIRECTED to mail a copy of this order to Plaintiff and file a

certificate of service on the docket.


Dated this 2nd day of February, 2022.


                                        BY THE COURT:



                                        William J. Martinez
                                        United States District Judge