**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0282-WJM

ALBERT MICHAEL MURRY,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. AS TRUSTEE FOR PARK PLACE SECURITIES,
OCWEN LOAN SERVICING AS PHH MORTGAGE SERVICE CORP., and
MESA COUNTY PUBLIC TRUSTEE,

    Defendants.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND
DISMISSING CASE WITHOUT PREJUDICE**

---

On February 1, 2022, *pro se* Plaintiff Albert Michael Murry initiated this action against Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Ocwen Loan Servicing, as PHH Mortgage Service Corp., and Mesa County Public Trustee. (ECF No. 1 at 2–3.) In his Civil Complaint, Plaintiff represents that "[t]his is a civil complaint under diversity action" and alleges that:

> 7. Defendant Ocwen Mortgage (merged into PHH Mortgage Corp.) is a foreign corporation NOT authorized to conduct business in Colorado.
>
> 8. PHH Mortgage Corp. is NOT authorized to conduct business in Colorado.
>
> 9. Wells Fargo Bank, N.A. is a federally chartered National Association that creates diversity jurisdiction.
>
> 10. The local trustee under the Deed of Trust is the Mesa County Public Trustee and thus is a named Defendant.

(ECF No. 1 at 2–33.)

On the same day, Plaintiff filed the *Ex Parte* Verified Combined Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") ("Motion"). (ECF No. 3.)

On February 2, 2022, the Court denied that portion of the Motion which sought a TRO and took under advisement that portion of the Motion which sought a PI. (ECF No. 5.) Exercising its independent duty to examine its subject matter jurisdiction, the Court also entered an Order to Show Cause ("OSC"), as to why the Court should not on its own motion dismiss this action based on Plaintiff's failure to allege facts sufficient to show that the Court has diversity jurisdiction over this matter. (*Id.* at 2–3.)

On February 3, 2022, Plaintiff responded to the OSC. (ECF No. 8.) In his response, Plaintiff argues, *inter alia*: (1) "[a]ll Trustees of all real estate trusts . . . are federal banks, federal trust companies or in the rare case, a federal savings bank" and that "[n]o federal financial entity has a state of citizenship"; (2) "Ocwen Mortgage, i.e.[,] Ocwen Loan Servicing, Inc. was a Florida corporation"; and (3) "[i]t is Standard Operating Procedure (SOP) for federal courts in non-judicial states to ignore the citizenship of the local trustee in diversity cases. This can be supported by overwhelming controlling case law if the Court would like this briefed." (*Id.* at 2.)

Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption

against the existence of jurisdiction, and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

On the current record, the Court finds Plaintiff has failed to meet his burden of showing that this Court has subject matter jurisdiction over this action.[1]  While Plaintiff does not explicitly list his citizenship, the Court infers from Plaintiff's filings that he is a Colorado citizen.  (*See generally* ECF No. 1 (complaint seeks to "discharge a real estate loan promissory note and the accompanying security deed" relating to Plaintiff's home located at 2494 F ¼ Road, Grand Junction, CO 81505").)

It is further apparent from the pleadings that the Mesa County Public Trustee is likewise a citizen of Colorado, thus defeating the Court's diversity jurisdiction.  *See Salt Lake Tribune Publ.'g Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1095–96 (10th Cir. 2003) ("It has long been the rule that to satisfy the diversity of citizenship requirements of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant.").  Although Plaintiff argues that "[i]t is Standard Operating procedure (SOP for federal courts . . . to ignore the citizenship of the local trustee in diversity cases" (ECF No. 8 at 2), Plaintiff cites no case law supporting this proposition, and nor is the Court aware of any such law.  *See Munholland v. Wells Fargo Bank, Nat'l Ass'n*, 2013 WL 673864, at *1 (D. Colo. Feb. 25,

---

[1] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, the Court cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2013) (recognizing that Colorado addition of Public Trustee for Douglas County, Colorado as a defendant in the action destroyed the court's diversity jurisdiction); *Hahn v. U.S. Bank*, 2011 WL 6370495, at *2 (D. Colo. Dec. 20, 2011) (concluding plaintiff failed to adequately allege complete diversity jurisdiction in action between plaintiff, a Colorado resident, and the Public Trustee of Boulder County); *Dillard-Crowe v. CitiBank, N.A.*, 2008 WL 4223271, at *2 (D. Colo. Sept. 10, 2008) (determining that court lacks subject matter jurisdiction over action where "[i]t is apparent from the pleadings that both Plaintiff and the Public Trustee are citizens of Colorado"). Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 5) is MADE ABSOLUTE;
2. The above-captioned action is DISMISSED WITHOUT PREJUDICE to refiling the action in an appropriate state district court; and
3. The Clerk is DIRECTED to mail a copy of this order to Plaintiff and file a certificate of service on the docket.

Dated this 7th day of February, 2022.

BY THE COURT:

William J. Martinez
United States District Judge

4