IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0282-WJM

ALBERT MICHAEL MURRY,

    Plaintiff,

v.

WELLS FARGO BANK, N.A. AS TRUSTEE FOR PARK PLACE SECURITIES, and OCWEN LOAN SERVICING, INC.,

    Defendants.

## ORDER VACATING DISMISSAL, REOPENING CASE, AND ACCEPTING PLAINTIFF'S SECOND AMENDED COMPLAINT

On February 1, 2022, *pro se* Plaintiff Albert Michael Murry initiated this action against Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Ocwen Loan Servicing, as PHH Mortgage Service Corp., and Mesa County Public Trustee. (ECF No. 1 at 2–3.)  In his initial complaint, Plaintiff represented that "[t]his is a civil complaint under diversity action" and alleged that:

> 7. Defendant Ocwen Mortgage (merged into PHH Mortgage Corp.) is a foreign corporation NOT authorized to conduct business in Colorado.
>
> 8. PHH Mortgage Corp. is NOT authorized to conduct business in Colorado.
>
> 9. Wells Fargo Bank, N.A. is a federally chartered National Association that creates diversity jurisdiction.
>
> 10. The local trustee under the Deed of Trust is the Mesa County Public Trustee and thus is a named Defendant.

(ECF No. 1 at 2–33.)

On the same day, Plaintiff filed the *Ex Parte* Verified Combined Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI").  (ECF No. 3.)  On February 2, 2022, the Court denied that portion of the motion which sought a TRO and took under advisement that portion of the motion which sought a PI.  (ECF No. 5.)  Exercising its independent duty to examine its subject matter jurisdiction, the Court also entered an Order to Show Cause ("OSC"), as to why the Court should not on its own motion dismiss this action based on Plaintiff's failure to allege facts sufficient to show that the Court has diversity jurisdiction over this matter.  (*Id.* at 2–3.)  Plaintiff responded to the OSC on February 3, 2022.  (ECF No. 8.)

On February 7, 2022, the Court determined that both Plaintiff and Mesa County Public Trustee are Colorado citizens and that Plaintiff had therefore failed to establish that the Court had subject matter jurisdiction over this action.  The Court made the OSC absolute and dismissed the action without prejudice to refiling the action in state district court.  (ECF No. 10.)

On February 9, 2022, Plaintiff filed a Motion to Vacae [*sic*] Dismissal and File Second Amended Complaint (the "Motion").  (ECF No. 18.)  Although the Plaintiff styles the Motion as a "Motion to Vaca[t]e Dismissal," the Court notes that no final judgment was entered in this action; as such, there is no final judgment to vacate.  Accordingly, the Court construes the Motion as a motion to reopen this action and for leave to file an amended complaint.[1]  Plaintiff also filed a Second Amended Civil Complaint (the "Amended Complaint"), which omits Mesa County Public Trustee as a Defendant.  (ECF

---

[1] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, the Court cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

No. 17.)

Because Plaintiff has now filed an Amended Complaint that cures the subject matter jurisdiction issue identified in the OSC, the Court will reopen this action and will accept the Amended Complaint as filed.[2]

The Court pauses to make an additional observation. Although it is reopening this action, the Court has serious concerns regarding whether Plaintiff's claims are barred by res judicata as a result of the dismissal of Plaintiff's claims in *Murry v. Ocwen Loan Servicing LLC et al.*, 16-cv-991-JLK (D. Colo.). However, the Court concludes that this is not the proper juncture to consider such arguments.

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's as-construed Motion to Vacae [*sic*] Dismissal and File Second Amended Complaint (ECF No. 18) is GRANTED;

2. The Second Amended Civil Complaint is ACCEPTED AS FILED (ECF No. 17);

3. The Clerk is DIRECTED to reopen this action;

4. Plaintiff is DIRECTED to serve Defendants within 30 days of this Order; and

5. The Clerk is DIRECTED to mail a copy of this order to Plaintiff and file a certificate of service on the docket.

---

[2] To the extent that Plaintiff requests that the Court reconsider the denial of the TRO and PI (ECF No. 18 at 3), that request is denied. As set forth in the undersigned's practice standards, "[a]ll requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion." *See* WJM Revised Practice Standard III.B (emphasis in original).

Dated this 20th day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge